# IN THE UNITED STATES DISTRICT COURT FOR
# THE DISTRICT OF MASSACHUSETTS

| | |
|---|---|
| JOHN DOE, LISA COLLETON, individually and on behalf of all others similarly situated<br><br>Plaintiff,<br><br>v.<br><br>UMASS MEMORIAL HEALTH CARE, INC.,<br><br>Defendant. | Case No. 4:25-cv-40022<br><br>[Trial Court of Massachusetts, The Superior Court, Suffolk County, Docket No. 2384CV02448-BLS1]<br><br>DEFENDANT'S NOTICE OF REMOVAL UNDER 28 U.S.C. § 1441(c) |

## NOTICE OF REMOVAL

To the Honorable Judges of the United States District Court for the District of Massachusetts and Plaintiff John Doe and Plaintiff Lisa Colleton ("Plaintiffs"):

Plaintiffs' Amended Complaint includes a federal claim against UMass Memorial Health Care, Inc. ("UMass Memorial") for violations of the Electronic Communications Privacy Act ("ECPA"), 18 U.S.C. § 2511. UMass Memorial therefore removes this case pursuant to federal question jurisdiction. 28 U.S.C. § 1331; 28 U.S.C. § 1441(c).

In support of removal, UMass Memorial provides the following "short and plain statement of the grounds for removal."  28 U.S.C. § 1446(a):

## NATURE OF THE CASE

1.      UMass Memorial is a Massachusetts nonprofit charitable corporation that owns and manages many healthcare facilities in Massachusetts.

2.      On October 24, 2022, Plaintiff John Doe filed a complaint against UMass Memorial, in the Superior Court of the Commonwealth of Massachusetts for the County of Worcester, Case No. 2285CV01205. *See* Exhibit ("Ex.") 1, *Doe* Complaint.

3. On November 14, 2022, Plaintiff Lisa Colleton filed a complaint against UMass Memorial, in the Superior Court of the Commonwealth of Massachusetts for the County of Worcester, Case No. 2285CV01293. *See* Ex. 8, *Colleton* Complaint.

4. Plaintiff John Doe served UMass Memorial with his Complaint, and the summons was returned on November 18, 2022.

5. Plaintiff John Doe's Complaint challenged UMass Memorial's routine on-line practices as illegal wiretapping under the Massachusetts Wiretap Act, M.G.L. c. 272 § 99. *See* Ex. 1, *Doe* Complaint ¶¶ 162–80. Plaintiff John Doe also raised claims of invasion of privacy, breach of fiduciary duty and/or common law duty of confidentiality, breach of express contract, breach of implied contract, and unjust enrichment. *See id.* ¶¶ 181–244.

6. On November 28, 2022, UMass Memorial filed a notice of removal to the United States District Court, informing the court that it removed Plaintiff John Doe's case pursuant to the federal officer removal statute, 28 U.S.C. § 1442(a)(1). *See generally*, Ex. 5, *Doe* Notice of Removal.

7. Plaintiff Lisa Colleton served UMass Memorial with her Complaint, and the summons was returned on December 27, 2022.

8. Plaintiff Lisa Colleton challenged UMass Memorial's routine on-line practices as illegal wiretapping under the Massachusetts Wiretap Act, M.G.L. c. 272 § 99. *See* Ex. 8, *Colleton* Complaint ¶¶ 124–135.

9. On December 28, 2022, UMass Memorial filed a notice of removal to the United States District Court, informing the court that it removed Plaintiff Lisa Colleton's case pursuant to the federal officer removal statute, 28 U.S.C. § 1442(a)(1). *See generally*, Ex. 11, *Colleton* Notice of Removal.

10. On July 13, 2023, Plaintiff John Doe's case was ordered to be remanded back to the Massachusetts Superior Court because the Court found the case was not within the scope of the federal officer statute. *See* Ex. 6, *Doe* Order of Remand; Ex. 7, *Doe* Memorandum Opinion.

11. On July 13, 2023, Plaintiff Lisa Colleton's case was remanded back to the Massachusetts Superior Court because the Court found the case was not within the scope of the federal officer statute. *See* Ex. 12, *Colleton* Order of Remand; Ex. 13, *Colleton* Memorandum Opinion.

12. On August 14, 2023, Plaintiff John Doe and Plaintiff Lisa Colleton filed a Joint Motion to Consolidate their cases. *See* Ex. 14, Joint Motion to Consolidate. On August 17, 2023, that motion was granted. *See* Ex. 15, Order Granting Joint Motion to Consolidate.

13. On October 23, 2023, the consolidated case was ordered to be transferred to the Business Litigation Session. *See* Ex. 18, *Doe* Order of Transfer; Ex. 19, *Colleton* Order of Transfer. The two cases were consolidated in the Business Litigation Session as Case No. 2384CV02448.

14. On January 25, 2024, Plaintiffs filed a First Amended Complaint again challenging UMass Memorial's use of routine on-line practices as a violation of the Massachusetts Wiretap Act, breach of fiduciary duty and/or common law duty of confidentiality, breach of implied contract, and unjust enrichment. *See* Ex. 20, First Amended Complaint ¶¶ 316–431.

15. On January 25, 2024, UMass Memorial filed a "Unopposed Motion and Proposed Order to Stay All Proceedings Pending Interlocutory Appeal in Related Cases." *See generally* Ex. 21.

16. UMass Memorial requested that all proceedings in this matter be stayed pending the completion of the appeals in *Vita v. Beth Israel Deaconess Medical Center, Inc.* (No. 2384CV00480-BLS1) and *Vita v. New England Baptist Hospital* (No. 2384CV00857-BLS1) because the issues in the appeals overlapped with the issues in this case regarding the interpretation of the Massachusetts Wiretap Act. *See generally id.*

17. On January 31, 2024, the court granted the motion to stay all proceedings pending interlocutory appeal. *See* Ex. 22, Endorsement on Unopposed Motion and Proposed Order to Stay All Proceedings Pending Interlocutory Appeal in Related Cases.

18. On October 24, 2024, the Supreme Judicial Court found in *Vita v. New England Baptist Hosp.*, 494 Mass. 824 (2024) that the Massachusetts Wiretap Act did not apply to the actions at issue.

19. On January 31, 2025, Plaintiffs filed a Second Amended Complaint. *See* Ex. 23, Second Amended Complaint.

20. The Second Amended Complaint includes a new claim against UMass Memorial for violation of the ECPA, 18 U.S.C. § 2511. *See* Ex. 23, Second Amended Complaint ¶¶ 242–62.

## BASIS FOR REMOVAL

21. UMass Memorial removes this case pursuant to federal question jurisdiction. 28 U.S.C. § 1441(c). The statute permits the removal of the entire action when the civil action includes "(A) a claim arising under the Constitution, laws, or treaties of the United States (within the meaning of section 1331 of this title), and (B) a claim not within the original or supplemental jurisdiction of the district court or a claim that has been made nonremovable by statute." *Id.*

"[T]he entire action may be removed if the action would be removable without the inclusion of the claim described in subparagraph (B)." *Id.*

22. This Court has "original jurisdiction of all civil actions arising under the Constitution, laws, or treaties of the United States." *See* 28 U.S.C. § 1331.

23. This case is removable to this Court because Plaintiffs asserted a claim under a law of the United States, specifically the ECPA, 18 U.S.C. § 2511. *See* Ex. 23, Second Amended Complaint ¶¶ 242–62.

24. Because this matter is an action arising under federal law of which this Court has original jurisdiction, as authorized by 28 U.S.C. § 1331, it is subject to removal under 28 U.S.C. § 1441(c).

25. Accordingly, this action is removable to this Court under 28 U.S.C. § 1441(c) and § 1331.

26. By removing this action, UMass Memorial does not waive any defenses available to it.

27. By removing this action, UMass Memorial does not admit any of the allegations in Plaintiffs' Second Amended Complaint.

## PROCEDURAL REQUIREMENTS FOR REMOVAL

28. UMass Memorial likewise satisfies all of the procedural requirements under 28 U.S.C. § 1446.

29. UMass Memorial timely removes this case. It is filing this Notice of Removal within thirty (30) days of its receipt of the Second Amended Complaint by "service." 28 U.S.C. § 1446.

30. UMass Memorial files this Notice in the United States District Court of the District of Massachusetts, because the state court in which the action is pending, the Superior Court of the Commonwealth of Massachusetts for the County of Suffolk, is within this federal judicial district. This Notice is signed pursuant to Rule 11 of the Federal Rules of Civil Procedure.

31. UMass Memorial has attached a copy of process, pleadings, and orders including Plaintiffs' Second Amended Complaint.

32. Upon filing this notice, UMass Memorial will promptly "give written notice thereof to all adverse parties," and will "file a copy of the notice with the clerk" of the state court.

## CONCLUSION

33. As set forth above, Plaintiffs' Second Amended Complaint includes a claim against UMass Memorial that arises under the laws of the United States. Plaintiffs' Second Amended Complaint is therefore appropriately removable to this Court pursuant to 28 U.S.C. § 1441(c).

**WHEREFORE, UMass Memorial respectfully removes this action from the Superior Court of the Commonwealth of Massachusetts for the County of Suffolk and requests that this Court issue such orders and process as may be necessary to preserve its jurisdiction over this matter.**

Dated: February 10, 2025

Respectfully submitted,

*/s/ James H. Rollinson*
James H. Rollinson, Esq. (BBO #649407)
BAKER & HOSTETLER LLP
127 Public Street
Suite 2000
Cleveland, OH 44116
jrollinson@bakerlaw.com
T: (216) 621-0200
F: (216) 626-0740

Paul G. Karlsgodt (pro hac vice to be filed)
BAKER & HOSTETLER LLP
1801 California Street
Suite 4400
Denver, CO 80202-2662
pkarlsgodt@bakerlaw.com
T: (303) 764-4013
F: (303) 861-7805

Elizabeth A. Scully (pro hac vice to be filed)
BAKER & HOSTETLER LLP
Washington Square, Suite 1100
1050 Connecticut Avenue, N.W.
Washington, DC 20036-5304
escully@bakerlaw.com
T: (202) 861-1500
F: (202) 861-1783

Stephen T. Paterniti (BBO #564860)
JACKSON LEWIS P.C.
75 Park Plaza, 4th Floor
Boston, MA 02116
Stephen.Paterniti@jacksonlewis.com
T: (617) 305-1221

*Attorneys for Defendant*

## CERTIFICATE OF SERVICE

I hereby certify that, on February 10, 2025 copies of the foregoing were served to Plaintiffs' counsels of record via email.

*/s/ James H. Rollinson*
*One of the attorneys for defendant*